## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**THOMAS J. BALDWIN,**

      **Petitioner,**

**v.**                        **Case No. 4:19cv605-MW/MAF**

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**

      **Respondent.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

On December 13, 2019, Petitioner Thomas J. Baldwin, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He subsequently filed an amended § 2254 petition. ECF No. 6. On June 8, 2020, Respondent filed an answer and exhibits. ECF No. 11. Petitioner filed a reply. ECF No. 12.

In that reply, Petitioner sought leave to file a second amended § 2254 petition, explaining he had a pending motion in state court. ECF No. 12 at 3. By order on July 15, 2020, this Court granted the request and allowed Petitioner until August 14, 2020, to file a second amended petition. ECF No. 13. Petitioner timely filed his second amended petition, ECF No. 15, and Respondent thereafter filed, on September 3, 2020, a motion to dismiss

or stay that petition on the basis that Petitioner had not exhausted his state court remedies on Ground 4, ECF No. 16.   Petitioner has filed a reply to the motion to dismiss, in which he indicates he "has no argument with the State in asking the Court to dismiss without prejudice until he satisfies" the exhaustion requirement.   ECF No. 17 at 2.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.   *See* Rule 8(a), R. Gov. § 2254 Cases.   The pleadings and attachments before the Court show the second amended petition should be dismissed.   *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

By information filed November 25, 2014, in Madison County Circuit Court Case 2014-CF-283, the State of Florida charged Petitioner Thomas J. Baldwin with four counts in connection with events that took place on or about October 31, 2014:   (1) aggravated assault with a deadly weapon

(handgun) and discharged the gun, a third degree felony, contrary to sections 775.087(2)(a)2. and 784.021, Florida Statutes; (2) shooting into a dwelling, a second degree felony, contrary to section 790.19, Florida Statutes; (3) possession of a firearm by a convicted felon, a second degree felony, contrary to sections 775.087(2)(a)2. and 790.023, Florida Statutes; (4) child abuse by intentional act by shooting into an occupied dwelling, knowing that a seven-year-old child was present therein, a third degree felony, contrary to section 827.03(2)(c), Florida Statutes.   Ex. A at 7-8.[1]   The prosecutor severed the third count and the remaining counts were renumbered.   Ex. B at 14-19.

Baldwin proceeded to a jury trial and, on June 23, 2015, the jury found him guilty as charged on the first and second counts, and not guilty on the last count.   Ex. A at 25-26.   On the first count, the jury also made a special finding that Baldwin discharged a firearm.   *Id.* at 25.   The trial court adjudicated him guilty and sentenced him to a minimum mandatory term of twenty (20) years in prison on the first count and fifteen (15) years in prison on the second count, to run concurrent.   Ex. A at 28-38; Ex. B at 269-71.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 11.

On July 10, 2015, Baldwin's counsel filed a notice of appeal.   Ex. A at 53, 64.   A notice of substitution of counsel for Baldwin was filed August 18, 2015.   Ex. D.   In the meantime, on July 29, 2015, the State filed a notice of nolle prosequi on the charge of possession of a firearm by a convicted felon. Ex. C.

On February 26, 2016, while the direct appeal was pending, Baldwin's new counsel filed a verified motion for postconviction relief in the trial court. Ex. E at 1-186.   An amended verification was filed with the court on April 4, 2016.   *Id.* at 197.   The State filed a response to the motion.   *Id.* at 198-203. The state post-conviction court held an evidentiary hearing on April 21, 2016, during which counsel represented Baldwin.   Ex. F (transcript).   The judge determined he did not have jurisdiction over the proceeding because the direct appeal remained pending.   *Id.* at 30-31.   The judge stated the postconviction motion would need to be refiled once the court had jurisdiction.   *Id.* at 35-39.

On April 25, 2016, Baldwin's counsel filed a notice of voluntary dismissal of the direct appeal in the First DCA.   Ex. G.   By order on April 27, 2016, the First DCA dismissed the appeal, case number 1D15-3245, pursuant to Florida Rule of Appellate Procedure 9.350(b).   Ex. H.

On June 27, 2016, the state post-conviction court held another evidentiary hearing.  Ex. I.  At the conclusion of the hearing, the judge denied the post-conviction motion.  *Id.* at 174-88.  On July 12, 2016, the judge entered a written order denying relief.   Ex. E at 210-18.

Baldwin, through counsel, appealed the order denying postconviction relief to the First DCA and filed an initial brief in case number 1D16-3457.  Ex. J.  The State filed an answer brief, Ex. K, and Baldwin filed a reply, Ex. L.  On March 21, 2018, the First DCA per curiam affirmed the case without a written opinion.   Ex. N; *see* Baldwin v. State, 242 So. 3d 1054 (Fla. 1st DCA 2018) (table).   The mandate issued April 11, 2018.   Ex. O.

On April 25, 2018, Baldwin, proceeding pro se, filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel, assigned case number 1D18-1806.  Ex. P.  He filed an amended petition on May 15, 2018, Ex. Q, and a second amended petition on May 22, 2018, Ex. R.   The State filed a response.   Ex. T.   Baldwin filed a reply on December 5, 2018.   Ex. U. [2]   On October 23, 2019, the First DCA denied the second amended petition on the merits.   Ex. V; Baldwin v. State,

[2] Baldwin previously filed, in September 2018, a § 2254 petition challenging his judgment and sentence.  *See* Baldwin v. Inch, No. 4:18cv429-WS/CAS.   That case was dismissed without prejudice on October 17, 2019, because Baldwin had not exhausted his state court remedies.   *Id.* ECF Nos. 15, 16, 17.

280 So. 3d 1128 (Fla. 1st DCA 2019).

On February 26, 2020, Baldwin filed a "Memorandum of Facts and Law in Support of Petition for Belated Appeal" in the First DCA, asserting that he had meritorious grounds to move forward with his direct appeal, case number 1D15-3245.   Ex. W.   He filed a second "Memorandum of Facts and Law in Support of Petition for Belated Appeal" on March 16, 2020.   Ex. X.   By order on April 20, 2020, the First DCA treated the filings as a motion to reinstate the appeal and denied the motion.   Exs. Y, Z.

As indicated above, Baldwin filed a § 2254 petition in this case on December 13, 2019.   ECF No. 1.   He subsequently filed an amended § 2254 petition, in which he raised five grounds, four of which alleged ineffective assistance of counsel (IAC).   ECF No. 6.   Respondent filed an answer and exhibits.   ECF No. 11.   Petitioner filed a reply.   ECF No. 12.

In that reply, Petitioner sought leave to file a second amended § 2254 petition because he had a pending motion in state court and had tried to exhaust his state court remedies.   ECF No. 12 at 3.   By order on July 15, 2020, this Court granted the request, allowing Petitioner until August 14, 2020, to file a second amended petition.   ECF No. 13.   Petitioner timely filed his second amended petition, ECF No. 15, in which he raises four

grounds, although his claims are not clear.   *Compare* ECF No. 15 (second amended petition) *with* ECF No. 6 (amended petition); *see* ECF No. 13 (this Court's order directing Petitioner that second amended petition should incorporate all amendments and claims not set forth therein are deemed abandoned and, also, that neither Respondent nor the Court should have to guess what is raised in the second amended petition).   *See also* ECF No. 16 at 4 n.2 (Respondent's explanation regarding indiscernibility of second amended petition).

Respondent thereafter filed a motion to dismiss or stay that petition on the basis that Petitioner had not exhausted his state court remedies on the fourth ground.   ECF No. 16.   Petitioner filed a reply to the motion to dismiss, in which he indicates he "has no argument with the State in asking the Court to dismiss without prejudice until he satisfies" the exhaustion requirement. ECF No. 17 at 2.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State.   28 U.S.C. § 2254(b)(1)(A). The statute provides that an applicant has not exhausted state remedies "if

he has the right under the law of the State to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(c).

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."   O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).   It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court.   28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

In this case, as pointed out by Respondent, and as agreed to by Petitioner, Petitioner has not exhausted the remedies available to him in the state courts.   *See* ECF No. 16 at 4; ECF No. 17.   Because Petitioner has a pending action in state trial court, and has thus not yet exhausted the remedies available in state court, this petition should be dismissed without prejudice.   *See* 28 U.S.C. § 2254(b)(1)(A); *see, e.g.*, Rose v. Lundy, 455 U.S. 509, 518 (1982) (explaining that "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"); Mauk v. Lanier, 484

F.3d 1352, 1357 (11th Cir. 2007) ("Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.").

If Petitioner ultimately exhausts his claims in state court and wishes to pursue federal habeas corpus relief, he is advised that there is a one-year limitations period for filing a § 2254 petition.   28 U.S.C. § 2244(d)(1).   That one-year limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates, *id.* § 2244(d)(1)(A), and is tolled for the time during which a "properly filed" application for relief is pending in state court, *id.* § 2244(d)(2).

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 16, be **GRANTED**, and Petitioner's second amended § 2254 petition, ECF No. 15, be **DISMISSED without prejudice**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United

States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED** and the second amended § 2254 petition (ECF No. 15) be **DISMISSED without prejudice.**   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2020.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1; 28 U.S.C. § 636.**